# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

BEATRICE YOUNG, Individually and as )
Parent and Next Friend of P.Y., a minor. )
                                     )
                Plaintiff, )
                                     )
v. )          Case No. CIV-13-633-M
                                     )
OKLAHOMA CITY PUBLIC SCHOOLS, )
INDEPENDENT SCHOOL DISTRICT 89, )
*et al.* )
                                     )
                Defendants. )

# ORDER

Before the Court is Defendants' Amended Partial Motion to Dismiss, filed on July 26, 2013. On August 17, 2013, plaintiff filed her response, and on August 26, 2013, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.     Introduction

Plaintiff, Beatrice Young the parent and Next Friend of P.Y.[1], a minor, commenced this action alleging several claims against the Oklahoma City Public Schools, Independent School District 89 ("the District"), Alice Hixenbaugh, teacher, Glenna Berry, Principal, and DeAnn Davis, Elementary Director.[2] Plaintiff alleges that, after P.Y. complained to his parents about Hixenbaugh's hostile demeanor towards him, they complained to defendants Berry and Davis seeking a resolution and defendants failed to act. Plaintiff alleges that Hixenbaugh, subsequently, while within the scope of her employment, grabbed P.Y. by the collar of his shirt without any provocation, physically harassing and bullying him. Plaintiff allegedly complained to Berry and Davis regarding this incident and asked defendants to take steps to discipline

---

[1] P.Y. was a student at Willow Brook Elementary at the time of the alleged incidents.
[2] Plaintiff is suing named defendants in their official and individual capacities.

Hixenbaugh and prevent her from further harassing, bullying and causing physical harm to P.Y. and other students. Plaintiff alleges that defendants failed to take any action against Hixenbaugh and simply transferred P.Y. out of Hixenbaugh's classroom for the remainder of the year. While P.Y. was packing up his desk at the time of the transfer, plaintiff alleges that Hixenbaugh publically mocked him.

Based on these allegations, plaintiff asserted six claims: (1) battery against defendant Hixenbaugh in her individual capacity; (2) negligence by defendants Berry and Davis; (3) violation of P.Y.'s constitutional rights under § 1983; (4) violation of P.Y.'s constitutional rights by defendant Hixenbaugh; (5) violation of P.Y.'s constitutional rights by defendant District; and (6) punitive damages against all defendants. Defendants filed this Motion to Dismiss seeking dismissal of claims 2 through 6.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to

relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III.    Discussion

   A.    GTCA Claim – Negligence by Defendants Berry and Davis

It is well established that the Oklahoma Governmental Tort Claims Act ("GTCA") is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. *Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009). Under the GTCA, a governmental entity is liable for torts for which a private person would be liable, unless the torts are committed outside the course and scope of employment or unless they are committed in bad faith or in a malicious manner. *Id.* Scope of employment is defined as an act where the employee performed the act in good faith within the duties of his office or employment. *Id.* More specifically, an employee is said to be acting within the scope of employment if the employee is doing that which is customary within the particular trade, engaging in work assigned, or doing that which is proper, necessary and usual to accomplish the work assigned. *Id.*

Defendants assert that plaintiff improperly has named defendants Berry and Davis in their individual capacity because under the GTCA, defendants can only be named in their individual capacity if their alleged tort actions are committed outside the scope of their employment and plaintiff has failed to sufficiently allege that defendants Berry and Davis acted outside the scope of their employment.

Having carefully reviewed plaintiff' Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has not set forth factual allegations sufficient to allege that defendants Berry and Davis acted outside the scope of their employment. Specifically, the Court finds that plaintiff repeatedly states in her Amended Complaint that Berry and Davis were negligent because they failed to carry out the duties imposed upon them as agents or employees of the district. Plaintiff alleges that she complained to defendants Berry and Davis regarding the underlying incident but defendants Berry and Davis failed to take sufficient action and were negligent because they failed to provide a safe environment for P.Y., failed to protect P.Y. from foreseeable harm, acted negligently in supervising and retaining teachers/staff who can competently carry out the school's duty to protect students from harm, and failed to adequately perform the duties and actions necessary to enforce the school's policies or customs of protecting students from harassment, bullying and physical harm. The Court finds that these allegations pertaining to how defendants Berry and Davis allegedly failed to carry out their duties, i.e., acts within their scope of employment, are not sufficient to impose individual liability on them. Accordingly, the Court finds that the negligence claim asserted against defendants Berry and Davis in their individual capacity should be, and is, dismissed.

Defendants also assert that plaintiffs' allegation that defendants Barry and Davis were "negligent in supervising and retaining teachers and/or staff capable of fulfilling the school's duty of protecting students from harm" should be dismissed. Specifically, defendants assert that defendants District, Barry and Davis are immune from such liability under the GTCA.

The GTCA exempts a government entity from liability resulting from "[p]erformance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees[.]" Okla. Stat. tit. 51, § 155(5). "This discretional function exemption from governmental tort liability is extremely limited." *Nguyen v. State*, 788 P.2d 962, 964 (Okla. 1990) (citation omitted). In *Nguyen*, the Oklahoma Supreme Court, relying on the FTCA and other similar state acts, endorsed the planning-operational approach. *Nguyen*, 788 P.2d at 964-65. Under the planning-operational approach, initial policy level or planning decisions are considered to be discretionary acts that are immune from liability, while operational level decisions made during the performance of the policy are ministerial acts that are not exempt from liability. *Id.* Plaintiff asserts that defendants are not immune from liability because the act of supervising and retaining employees are ministerial or operational actions which the GTCA does not exempt. Defendants, on the other hand, contest that these acts are discretionary acts that are excluded from liability.

There are no controlling decisions by the Oklahoma Supreme Court on this issue of whether the GTCA deems the act of supervising and retaining its employees is a discretionary act or ministerial act. In addition, while some federal courts within in this state have addressed the issue of whether a school district's decision regarding hiring, retention, and supervision of its employees are deemed to be discretionary acts, they have reached different conclusions. *Compare Benedix v. Indep. Sch. Dist. No. I-007 of Okla. Cnty., Okla.*, No. CIV-08-1060-D, 2009

5

WL 975145 (W.D. Okla. Apr. 9, 2009) (finding such acts fall under the discretionary exemption), *with J.M. v. Hilldale Indep. Sch. Dist. No. I-29 of Muskogee Cnty., Okla.*, No. CIV 07-367-JHP, 2008 WL 2944997 (E.D. Okla. July 25, 2008) (finding such acts do not fall under the discretionary exemption). However, in *Nguyen*, when the Oklahoma Supreme Court endorsed the planning-operational approach, it found the Federal Tort Claims Act ("FTCA") and other similar state acts' approach to be persuasive. *Nguyen*, 788 P.2d at 964. Under the FTCA, which has a similar discretionary exemption as the GTCA, federal circuits uniformly find that employment and termination decisions ordinarily fall within the discretionary-function exemption of the FTCA. *See Allen v. Justice Alma Wilson Seeworth Acad., Inc., et al.*, No. CIV-12-0093, 2012 WL 1298588, at *2 (W.D. Okla. Apr. 16, 2012); *Sydnes v. United States*, 523 F.3d 1179, 1185-87 (10th Cir. 2008); *Crete v City of Lowell*, 418 F.3d 54, 64-65 (1st Cir. 2005). Thus, while the Oklahoma Supreme Court has not addressed this specific issue, the Court concludes that the Oklahoma Supreme Court would find that, under the circumstances in this case, the school district's decision regarding hiring, retention, and supervision of its employees is deemed to be a discretionary act and, thus, falls under the GTCA's discretionary exemption. Accordingly, the Court finds that plaintiff's claim against defendants Berry and Davis for negligence in supervising and retaining its employees should be dismissed.[3]

Finally, defendants assert that plaintiff's claim that defendants Berry and Davis acted negligently when they failed to enforce or carry out District policies regarding protecting students from harassment, bullying, and physical harm should be dismissed because the GTCA bars such claims. Having carefully reviewed plaintiff's Amended Petition and the parties'

---

[3] The Court also notes that even if the acts were deemed to be ministerial, plaintiff's Amended Complaint is full of conclusive statements and does not allege sufficient facts to assert that defendants were negligent in supervising and retaining employees.

submissions, and presuming all of plaintiff' factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that the GTCA bars plaintiff's claim against defendants Berry and Davis based on their alleged failure to adopt or enforce a specific bullying policy. Plaintiff alleges that that defendants Berry and Davis acted negligently when they failed to enforce or carry out the school's policies or customs of protecting students from harassment, bullying and physical harm. In addition, plaintiff asserts that defendants Berry and Davis had an affirmative duty to protect P.Y. from the harassment and excessive force used by defendant Hixenbaugh. However, to the extent plaintiff makes her claim based on allegations that the school failed to enforce or carry out a policy, the GTCA exempts defendant District from such liability because the GTCA exempts liability for a claim resulting from the "[a]doption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy[.]" Okla. Stat. tit. 51, § 155(4). Similarly, to the extent plaintiff make her claim under the School Prevention Act, Okla. Stat. tit. 70, § 24-100.3, the statute exempts any school district from liability based on the Act. Okla. Stat. tit. 70, § 24-100.3(B). Accordingly, the Court finds that plaintiff's claim against defendants District, Berry, and Davis for failure to adopt or enforce a specific bullying policy should be dismissed.

B.    Constitutional Claims

Plaintiffs allege that "defendants played a role in creating dangers to which P.Y. was exposed to and increased his vulnerability to the danger by their inaction in violation of 42 U.S.C. § 1983." Am. Compl. ¶ 48. Generally, state actors are only liable for their own acts that violate the substantive due process rights imbedded in the Fourteenth Amendment of the United States Constitution. *See Liebson v. N.M. Corr. Dep't*, 73 F.3d 274, 276 (10th Cir. 1996).

7

However, state officials can be liable for the acts of third parties if those officials created the danger that caused the harm. *See Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2011) (citations and inside quotations omitted). To assert a valid danger-creation claim, a claimant must show that:

> (1) the charged state entity and the charged individual actors created the danger or increased plaintiff's vulnerability to the danger in some way; (2) plaintiff was a member of a limited and specially definable group; (3) defendants' conduct put plaintiff at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) defendants acted recklessly in conscious disregard of that risk; and (6) such conduct, when viewed in total, is conscious shocking.

*Id.* at 917-918 (citation omitted). Further, "when a plaintiff sues an official under . . . § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 1949 (2009)). Thus, a plaintiff may assert § 1983 suit against a defendant-supervisor by showing: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* (citations omitted).

In their Motion to Dismiss, defendants, first, assert that plaintiff's claims for violation of P.Y.'s constitutional rights should be dismissed because plaintiff has failed to sufficiently plead a danger-creation liability. Second, defendants assert that any claims by plaintiff on the basis of supervisor liability should also be dismissed. Specifically, defendants contend that plaintiff has failed to assert that in addition to defendant Hixenbaugh, defendants Davis and Berry's

8

themselves caused P.Y. injuries by their own conduct and state of mind; thus, plaintiff has also failed to allege supervisory liability for defendant Hixenbaugh's actions. The Court agrees.

Having carefully reviewed plaintiff's Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has failed to sufficiently allege a constitutional violation under the state-danger creation theory. Plaintiff alleges that defendants Berry and Davis, acting within the course and scope of their employment, failed to protect P.Y. from "malicious and sadistic attacks by his teacher Hixenbaugh". Am. Compl. ¶ 46. Plaintiff makes these allegations based on her assertions that plaintiff communicated to defendants Berry and Davis regarding defendant Hixenbaugh's hostile demeanor towards P.Y.; subsequently, defendant Hixenbaugh grabbed P.Y. by the collar maliciously and sadistically with no provocation, physically harassing and bullying him; plaintiffs complained to defendants Berry and Davis about the injury and requested that defendant Hixenbaugh be disciplined; and that defendants failed to take disciplinary action against defendant Hixenbaugh. When stripped of the conclusive labels, the Amended Complaint amounts to this: plaintiff complained to defendants Berry and Davis regarding defendant Hixenbaugh's hostile demeanor towards P.Y; defendants Berry and Davis did not act on this complaint; subsequently, during class, defendant Hixenbaugh grabbed P.Y. by the collar; and defendants Berry and Davis did not discipline defendant Hixenbaugh for her actions. The Court finds that these allegations, even if true, hardly rise to the level of reckless and conscious disregard of risk to P.Y., and that defendants' conduct, when viewed in total, is not conscious shocking. Further, these allegations are insufficient to establish that defendant Berry or defendant Davis personally violated P.Y.'s rights by their own conduct with the requisite state of mind.

Accordingly, the Court finds that plaintiff's constitutional claim against defendants Berry and Davis should be dismissed.

Defendants further assert that plaintiff failed to plead sufficient facts to support a claim that defendant Hixenbaugh violated P.Y.'s civil rights when she allegedly grabbed P.Y. by the collar. In all school discipline cases, including school-inflicted corporal punishment, the Tenth Circuit has adopted a form of "shocks-the-conscience test". *Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 786-87 (10th Cir. 2013). Under this test, the substantive due process inquiry in all school discipline cases is "whether the force applied caused injury so severe, was so disproportionate to the needs presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literarily shocking to the conscience." *Id.* (citations and inside quotations omitted).

Having carefully reviewed plaintiff's Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that, for reasons set forth above, plaintiff's allegations that defendant Hixenbaugh grabbed P.Y. by the collar, had hostile demeanor towards P.Y., and mocked P.Y. on occasions hardly rises to the level of conscious-shocking acts that is required to assert a valid constitutional claim. Accordingly, the Court finds plaintiff's constitutional violation claim against defendant Hixenbaugh should be dismissed.

Lastly, defendants assert that plaintiff has failed to allege sufficient facts to assert a violation of P.Y.'s civil rights by the District. To assert municipal liability upon the District, plaintiff must show: "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Ok. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998). Without a

constitutional violation, there can be no municipal liability. *Id.* Further, in order to assert a municipal policy or custom was the moving force behind the alleged constitutional violation, plaintiff must show that there was (1) continuing, persistent and widespread practice of unconstitutional misconduct by the municipality's employees; (2) deliberate indifference to or tacit approval of such misconduct by the district's policy making officials after notice to the officials of a certain misconduct; and (3) injury to plaintiff as a result of this custom, which was the moving force behind the alleged unconstitutional acts. *Gates v. Unified Sch. Dist. No.* 449, 996 F.2d 1035, 1041 (10th Cir. 1993).

Defendants contend that the District cannot be liable for any constitutional violation by any of its employees because plaintiff has failed to sufficiently allege that the contested action was taken by an official with final authority or a result of official municipal policy. In addition, defendants contend that plaintiff has failed to plead sufficient facts to show that the District's failure to train its employees amounted to deliberate indifference.

Having carefully reviewed plaintiff's Amended Complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds that plaintiff has failed to plead sufficient facts to assert municipal liability against the District for violation of P.Y.'s constitutional rights. Plaintiff alleges that the District is liable for failure "to properly train its employees regarding the proper force necessary when dealing with a third-grade student" and as a result, "P.Y. suffered significant and permanent injuries when he was attacked and bullied by defendant Hixenbaugh." Am. Compl. ¶¶ 55,56. Plaintiff's blanket assertions that the District failed to train its employees is not sufficient to establish that the District violated P.Y.'s constitutional rights. First, plaintiff has failed to identify that this alleged failure to train is a continuous and widespread issue. Second, plaintiff

fails to allege sufficient facts to show that the District's policy-making officials[4] were deliberately indifferent or tacitly approved the lack of training or use of excessive force after receiving notice. Third, plaintiff also fails to sufficiently allege that this lack of training led to the alleged violation of constitutional rights or that the lack of training on the usage of proper force is the moving force behind defendant Hixenbaugh's actions. In sum, plaintiff's Amended Complaint is full of conclusive statements devoid of sufficient factual assertions pertaining to the District's training program and how the training was inadequate or caused P.Y.'s injury. Plaintiff simply alleges that defendant Hixenbaugh used excessive force on P.Y. and the District failed to train its employees on the proper amount of force necessary to deal with a third-grader. Accordingly, the Court finds that plaintiff has failed to assert a claim of constitutional violation by the District as a result of its alleged failure to train its employees, and thus, this claim should be dismissed.

IV. Conclusion

Accordingly, the Court GRANTS Defendants' Amended Partial Motion to Dismiss [docket no. 12] and DISMISSES plaintiff's claims asserted in Counts 2-5 of her Amended Complaint.[5]

**IT IS SO ORDERED this 13th day of December, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] In Oklahoma, the board of education of a school district is the final policy making authority for a public school district pursuant to Okla. Stat. tit. 70, § 5-117.
[5] Because the Court dismisses claims 2-5, the Court finds that plaintiff's claims for punitive damages in Count 6 of her Amended Complaint as it pertains to these counts are now moot.